IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AIG PROPERTY CASUALTY COMPANY,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 5:21-CV-00530 |
| | § | |
| JON and JODY FRANCIS,<br>    Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. AIG Property Casualty Company ("AIG") petitions this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. Section 2201, Texas Civil Practice and Remedies Code Section 37.001, *et seq*. and Federal Rule of Civil Procedure 57, for construction of an insurance policy and declarations regarding the parties' rights and obligations under the policy with respect to an underlying lawsuit against the defendants Jon and Jody Francis.

2. Plaintiff AIG is an insurer domiciled in Illinois and authorized to do business in Texas with its principal place of business in New York.

3. Defendant Jon Francis is an individual domiciled in Texas, where he is a citizen. Jon Francis can be served at his residence located at 172 Legacy Canyon Drive, Cisco, Texas, 76437, or wherever he may be found.

4. Defendant Jody Francis is an individual domiciled in Texas, where he is a citizen. Jody Francis can be served at his residence located at 172 Legacy Canyon Drive, Cisco, Texas, 76437, or wherever she may be found.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs. The parties to this lawsuit are of different states. Therefore, this Court has jurisdiction over the lawsuit under 28 U.S.C. Section 1332. Venue is proper in the Western District of Texas, San Antonio

Division, pursuant to 28 U.S.C. Section 1391 (b)(2) because the insurance policy made the subject of the declaratory relief sought in this lawsuit was issued to the defendant in Cisco, Eastland County, and the underlying lawsuit is pending in Bexar County, Texas.

6. AIG issued to Jon and Jody Francis Personal Excess Liability Policy number PCG 0014022384, effective June 14, 2020 to June 14, 2021 (the "AIG PEL Policy"). A copy of the AIG PEL Policy is attached as Exhibit A.

7. The AIG Policy provides limits of $10 million per "occurrence" for excess liability and generally requires certain underlying liability insurance in amounts provided by the AIG PEL Policy. The AIG PEL Policy will provide coverage, including a defense and indemnity, in certain circumstances in which no required underlying coverage is available.

8. Jon and Jody Francis are insureds under a personal automobile liability policy issued by AIG and a homeowners policy issued by AIG. The personal automobile liability policy and the homeowners policy are underlying coverage to the AIG PEL Policy.

9. Coverage has been denied to Jon Francis and the Jon Francis Campaign under the AIG personal automobile liability policy and the homeowners policy issued to Jon and Jody Francis.

10. Jon Francis, individually and as his campaign, is a defendant in a lawsuit styled Cause No. 2021-CI-02765; *Timothy Wendt, as Executor of the Estate of Rebekah Wendt, Deceased; Timothy Wendt; and Erika Wendt v. Jon Francis Campaign; Jonathan Francis; Destin Sensky; Mason C. Colvin; and Jesse T. Laine;* In the 407th Judicial District Court of Bexar County, Texas. A copy of the plaintiffs' original petition is attached as Exhibit B.

11. In the *Wendt* Lawsuit, the plaintiffs contend that Rebecca Wendt was a passenger in a car owned by Mason Colvin and driven by Tyler Colvin. Wendt and Tyler Colvin are alleged

to have been employees of Jon Francis and/or his campaign and within the scope of their employment at the time of the accident. Wendt and Tyler Colvin were involved in an automobile accident with a vehicle driven by Jesse Laine on July 10, 2020. The plaintiffs allege that Jon Francis and/or his campaign were negligent in the provision of working conditions to Wendt "by placing her in a vehicle operated by Mr. Colvin, an inexperienced and negligent driver."

12. The auto driven by Tyler Colvin and owned by Mason Colvin is not listed on the declarations page to the PEL Policy.

13. The insuring agreement to the AIG PEL Policy states in relevant part that AIG "will pay 'damages' an 'insured person' is legally obligated to pay because of 'personal injury' or 'property damage' caused by an 'occurrence' covered by this policy…"

14. The AIG PEL Policy defines "personal injury" to include "bodily injury," which means "physical bodily harm, including sickness or disease that results from it, and required care, loss of services or resulting death."

15. To the extent it is a proper legal defendant, the Jon Francis Campaign is not an "insured person" under the AIG PEL Policy.

16. The AIG PEL Policy also contains the following relevant exclusion:

> This insurance does not provide coverage for liability, defense costs or any other cost or expense:
>
> **1.** Auto or Recreational Motor Vehicles
>
> Arising out of the ownership, maintenance, use, loading or unloading of:
>
> * * *
>
> **b.** Any **auto** or **recreational motor vehicle** not covered by any underlying insurance or not listed on the Declarations Page of this Policy.

17. The AIG PEL Policy defines "auto" as "any motorized land vehicle which requires motor vehicle registration or operator licensing. This includes self-propelled motor homes, motorcycles and attached trailers or semi-trailers."

18. Francis tendered the original petition in the *Wendt* Lawsuit to AIG and requested defense and indemnity coverage for the claim asserted against him and his campaign. AIG agreed to provide Jon Francis and the Jon Francis Campaign a defense, under reservation of rights, under the AIG PEL policy asserting that the AIG PEL Policy does not provide coverage for liability arising out of the use of an "auto," for which underlying coverage is not available and for an auto not listed on the declaration page, which is the basis of the plaintiffs' claims against Francis in the *Wendt* Lawsuit.

## DECLARATORY RELIEF

19. AIG seeks a declaration that it owes no obligation to provide coverage to Jon Francis or the Jon Francis Campaign in the *Wendt* Lawsuit.

20. In particular, AIG seeks a declaration that the AIG Policy does not provide coverage for liability, defense costs, or other cost or expense arising out of claims against Francis, individually or his campaign, for negligence resulting in the auto accident involving Wendt on or about July 10, 2020.

21. WHEREFORE, PREMISES CONSIDERED, plaintiff respectfully requests the court to:

(1) declare that the AIG PEL Policy does not provide coverage to Jon Francis or the Jon Francis Campaign with respect to the auto accident involving his employees Tyler Colvin and Rebecca Wendt July 10, 2020; and

(2) declare that AIG does not owe any defendant a defense for the claims asserted against him and his campaign in the *Wendt* Lawsuit;

(3) declare that AIG does not owe defendant indemnity for liability, if any, he may face in the *Wendt* Lawsuit; and

(4) grant such other and further relief to which the plaintiff may be entitled.

Respectfully submitted,

*/s/ Ellen Van Meir*

Ellen Van Meir
State Bar No. 00794164
evanmeir@nicolaidesllp.com

Nicholas K. Low
State Bar No. 24089050
nlow@nicolaidesllp.com

NICOLAIDES FINK THORPE
     MICHAELIDES SULLIVAN, LLP
2501 North Harwood Street, Suite 1210
Dallas, TX 75201
(469) 290-9040
(469) 290-9041 - FAX

COUNSEL FOR PLAINTIFF